Michael J. Nuñez, Esq.
Nevada Bar No. 10703
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
MURCHISON & CUMMING, LLP
6900 Westcliff Drive, Suite 605
Las Vegas, Nevada  89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957
E-mail:    mnunez@murchisonlaw.com
           lrobbins@murchisonlaw.com

Attorneys for Plaintiff,
FEDERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, a Member of the Chubb Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENCOMPASS INSURANCE COMPANY OF AMERICA, a Subsidiary of the Allstate Corporation; GANNON & ASSOCIATES, In-House Counsel for Encompass & Allstate,<br><br>Defendants. | CASE NO.  2:15-cv-2116<br><br>**COMPLAINT IN EQUITABLE SUBROGATION** |

Plaintiff FEDERAL INSURANCE COMPANY, a Member of the Chubb Corporation ("Federal") alleges:

1.    Federal is and was at all times mentioned herein an Indiana Corporation with its principal place of business in Warren, New Jersey and licensed to do business as an insurance company in Nevada and throughout the jurisdictions of the United States;

2.    Federal is informed and believes that defendant ENCOMPASS INSURANCE COMPANY OF AMERICA, a Subsidiary of the Allstate Corporation ("Encompass") is and was at all times mentioned herein an Illinois Corporation with its principal place of business in

1 Northbrook, Illinois and licensed to do business as an insurance company in Nevada and
2 throughout the jurisdictions of the United States;

3       3.      Federal is informed and believes that defendant GANNON & ASSOCIATES, In-
4 House Counsel for Encompass and Allstate ("GANNON") is a multi-state law firm with offices in
5 Las Vegas, Nevada, and its principal place of business in Tempe, Arizona.

6       4.      The jurisdiction of this Court over the subject matter of this action is predicated on
7 28 USC § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interests and
8 costs.

9       5.      The claim arose in this district.

10                                    **COUNT I.**

11   **(Equitable Subrogation of Bad Faith Failure to Settle Within Primary Policy Limits)**
12                              **(Against Encompass)**

13      6.      Encompass issued its automobile policy numbered 219077134 to Rachakonda D.
14 Prabhu and Lata K. Shete-Prabhu of Las Vegas, Nevada (the "Insureds"), effective February 1,
15 2011 to February 1, 2012 (the "Encompass Policy").  The Encompass policy provided **primary**
16 motor vehicle coverage of $250,000 per person and $500,000 per accident coverage for the
17 Insureds' motor vehicles.

18      7.      Federal issued its policy numbered 13263727-04 to the Insureds, R. D. and Lata
19 Shete Prabhu, effective December 20, 2010 to December 20, 2011 (the "Federal Policy").  The
20 Federal Policy provided motor vehicle coverage of $5,000,000 **excess only** to the required
21 primary underlying insurance with minimum $250,000/$500,000 limits.

22      8.      The Federal Policy provided that, if Federal made a payment under the Federal
23 Policy, Federal assumed any recovery rights an Insured has in connection with that loss, to the
24 extent Federal paid for the loss.

25      9.      On October 13, 2011, while driving West on Sahara Avenue in Clark County, Las
26 Vegas, Nevada, Insured Lata Shete-Prabhu was involved in a rear end collision with a vehicle
27 that was stopped at an intersection driven by Tamesha Bradshaw in which her relatives,
28 Antwone Bradshaw, Armon Smith and Grover Smith, were passengers.

10.     On January 15, 2013, Tamesha Bradshaw, Armon Smith, Antwone Bradshaw and Grover Smith (the "Claimants") filed a Complaint against the Insureds, Lata Shete-Prabhu and Rachakonda Prabhu, in Clark County District Court Case No. A-13-675060-C, alleging that the Claimants incurred medical expenses, pain and suffering, and lost wages as a result of the October 13, 2011 accident.

11.     Encompass was timely and properly notified of the October 13, 2011 accident and the subsequent January 15, 2013 Complaint.  Encompass referred the Complaint to be defended by Nicholas Amon, Esq., who was employed by Encompass' in-house counsel law firm of Gannon & Associates ("Gannon").

12.     The accident and the subsequent January 15, 2013 Complaint were not reported to Federal until October 10, 2014, three years after the accident, a year and nine months after the filing of the Complaint, and only three months prior to the trial date scheduled in the litigation.

13.     Federal is informed and believes that, on April 14, 2014, six months prior to any notice to Federal, a NRCP Rule statutory offer of judgment was served to Encompass' in house counsel for the Encompass policy limits of $500,000.00

14.     At the time of this demand, the four Claimants had allegedly incurred $318,254.68 in medical specials and Armon Smith claimed to be a candidate for future costs of $350,000 plus an additional $250,000 in follow-up surgery to address an anticipated adjacent segment breakdown.  Moreover, since the Claimants' vehicle was rear ended by the Insured's vehicle when it was stopped, Encompass knew a trial would undoubtedly result in a finding that the Insured was liable.

15.     Encompass owed a duty of good faith to consider the interests of the Insureds and the Insureds' excess insurer, Federal, equally with its own and to evaluate settlement proposals as though Encompass alone carried the entire risk of the loss; and Encompass owed a duty of good faith to conduct the defense of the litigation, including settlement negotiations so as not to expose the Insureds and/or the Insureds' excess insurer to unwarranted liabilities.

16.     Encompass nevertheless acted in bad faith by allowing the April 14, 2014 statutory offer and the opportunity to settle the Complaint within its primary policy limits to expire.  Moreover, neither Encompass nor its in-house counsel made any subsequent good faith reasonable efforts to settle the case within Encompass' primary policy limits and/or to avoid exposing its Insureds and/or its Insureds' excess insurer, Federal, to a judgment in excess of those limits.

17.     As a result of Encompass' negligence and bad faith failure to timely negotiate a settlement within its primary policy limits and Encompass' failure to properly defend the Complaint against the Insureds as described in the following Count II, the case was not resolved within Encompass' policy limits.

18.     At a mediation held on January 5, 2015, a settlement was reached with the four Claimants for a total of $765,000.00, of which Federal was forced to pay $265,000.00 under the provisions of its excess policy.  As part of that settlement, Federal specifically reserved its rights to assert these claims and bring this action against Encompass.

19.     As a result, Federal is equitably subrogated to the Insured's right to be reimbursed for the invasion of its excess policy limits to settle the Claimants' action, reimbursement of all defense expenses Federal incurred to protect the interests of the Insureds, and punitive damages in an amount to be determined by the trier of fact.

## COUNT II

**(Equitable Subrogation of Bad Faith Failure to Properly Defend Insured)**

**(Against Gannon & Associates & Encompass)**

20.     The allegations in paragraphs 6 through 19 above are incorporated as though fully set forth here;

21.     Since Encompass engaged its in-house counsel, Gannon to defend the Insureds, Gannon had a tripartite relationship with Encompass and the Insured, and Encompass controlled the defense and received status reports.

22.     During the course of the litigation, the Claimants followed a course of treatment that is very standard in Las Vegas personal injury accidents, involving chiropractic care,

1   followed by pain management treatment, including some injection therapy, and ultimately
2   surgical consultations.

3        23.    The standard and only way to respond to such claims is to retain medical expert
4   consultants to review and respond to the injury claims.

5        24    Expert disclosures were due in the case on May 23, 2014, and the last day for
6   the parties to complete discovery was August 21, 2014; but, Encompass and its in house
7   counsel, Gannon did not timely retain medical experts, did not timely obtain complete medical
8   records and histories, did not timely depose the Claimants' treating physicians, and did not
9   timely request IME examinations of the Claimants prior to the cutoff date.

10        25.    On October 13, 2014, less than three months prior to the scheduled trial date,
11   Encompass' in house counsel, Gannon filed a Motion to Reopen Discovery, Motion for NRCP
12   35 Examination and Motion to Continue Trial.  On November 14, 2014, Gannon's motions were
13   denied by the Discovery Commissioner.  Therefore, the trial was scheduled to go forward and
14   Encompass' in house counsel, Gannon did not have and could not obtain the information and
15   experts needed to defend the Insureds against the Claimants' claims.

16        26.    Upon receipt of its severely delayed notice in this matter, Federal engaged the
17   services of counsel who associated into the Insureds' defense, but there was no further
18   discovery or defensive action that Federal's appointed counsel was permitted to take.

19        27.    On December 16, 2014, counsel for Federal made a written demand to
20   Encompass to settle the Claimants' claims within its primary policy limits.  Federal's counsel
21   pointed out that, not only had Federal been prejudiced by the extremely late notice of the
22   accident and Complaint, but Federal had been severely prejudiced in its ability to defend the
23   Insureds by Encompass' in-house counsel, Gannon's grossly negligent handling of the action
24   prior to Federal's receipt of notice.

25        28.    As a result of Encompass' and its in-house counsel, Gannon's bad faith failure to
26   properly defend the Insureds, Federal was forced to pay $265,000.00 under the provisions of
27   its excess policy.

28   / / /

29.     As a result, Federal is equitably subrogated to the Insured's right to be reimbursed for the invasion of its excess policy limits to settle the Claimants' action, reimbursement of all defense expenses Federal incurred to protect the interests of the Insureds, and punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, Federal prays judgment against defendants and each of them as follows:

As to Encompass:

1.     For reimbursement of the $265,000.00 Federal paid to release the Insureds;

2.     For reimbursement of all defense expenses Federal incurred to protect the interests of the Insureds in an amount to be established at trial;

3.     For punitive damages in an amount determined by the trier of fact;

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the court may deem proper.

As to Encompass' In House Counsel, Gannon:

1.     For reimbursement of the $265,000.00 Federal paid to release the Insureds;

2.     For reimbursement of all defense expenses Federal incurred to protect the interests of the Insureds in an amount to be established at trial;

3.     For punitive damages in an amount determined by the trier of fact;

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the court may deem proper.

DATED:  November _5_, 2015

**MURCHISON & CUMMING, LLP**

By _____
       Michael J. Nuñez, Esq.
       Nevada Bar No. 10703
       Lindsay D. Robbins, Esq.
       Nevada Bar No. 13474
       6900 Westcliff Drive, Suite 605
       Las Vegas, Nevada  89145
       Attorneys for Plaintiff
       FEDERAL INSURANCE COMPANY